IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN FAULKNER, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-21-2779 |
| WARDEN RONALD S. WEBER, | * | |
| Respondent. | * | |

\*\*\*

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Alvin Faulkner's Petition for Writ of Habeas Corpus. (ECF No. 1). The matter is ripe for review, and no hearing is necessary. See R. Govern. § 2254 Cases U.S. Dist. Ct. 8(a); 28 U.S.C. § 2254(e)(2); Local Rule 105.6 (D.Md. 2023); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (noting that petitioners are not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons outlined below, the Petition will be dismissed for lack of jurisdiction, and the Court will decline to issue a certificate of appealability.

## I. BACKGROUND

Faulkner is serving a fifty-five year sentence for convictions in Montgomery County, Maryland. (State R. at 68, ECF No. 9-1). On February 17, 2017, Faulkner was housed at the Eastern Prerelease Unit in Church Hill, Maryland, when he left the facility without permission and was ultimately apprehended. (Id. at 41–42, 68). The Eastern Prerelease Unit is a minimum-security facility for prisoners who are nearing their release

date. (Id. at 68). On November 8, 2018, Faulkner pled guilty to first degree escape in the Circuit Court for Queen Anne's County, (id. at 5), and was sentenced to time served from February 17, 2017, (Id. at 28; November 8, 2018 Court Tr. at 18, ECF No. 9-2).

Faulkner did not challenge his guilty plea to the first degree escape charge with an appeal, but he did file a writ of coram nobis on July 29, 2019. (State R. at 32–43). Faulkner argued: (1) the trial court lacked jurisdiction over his guilty plea because the warden of his prerelease unit did not request a fugitive warrant from the Maryland State Police, and (2) he was released from custody under a presidential pardon and could not have committed an escape. (Id.). Faulkner argued that coram nobis was an appropriate remedy because he was slated to be released from custody in July of 2017, but the escape conviction caused him to lose his prerelease status and his release date was changed to January of 2025. (Id. at 39).

The Circuit Court for Queen Anne's County denied Faulkner's writ summarily. (Id. at 44). Faulkner filed an application for leave to appeal to the Appellate Court of Maryland (id. at 45–47), which issued an opinion on October 5, 2020 remanding the issue to the Circuit Court for a disposition on the merits. (Id. at 50–55). The Appellate Court of Maryland found that the Circuit Court erred in summarily denying Faulkner's writ. (Id. at 55).

On remand, Faulkner issued a subpoena to the United States House of Representatives. (Id. at 64–65). The Office of General Counsel for the House of Representatives filed a motion to quash the subpoena, which the Circuit Court granted. (Id. at 61–65). The Circuit Court then denied Faulkner's writ, concluding that it had jurisdiction

over Faulkner's guilty plea because he escaped and was apprehended in Queen Anne's County, and the statutory requirements cited by Faulkner for obtaining a fugitive warrant are not jurisdictional in nature. (Id. at 67–75). The Circuit Court also found that Faulkner failed to produce any evidence that he ever received a presidential pardon. (Id. at 74).

Faulkner filed an application for leave to appeal the denial of his writ of coram nobis with the Appellate Court of Maryland. (Id. at 76–82). The Appellate Court of Maryland affirmed the Circuit Court in a considered opinion issued on September 14, 2021. (Id. at 83–87). The Appellate Court of Maryland found that the Circuit Court did not err in accepting evidence outside of the record. (Id. at 87).

Faulkner submitted his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on October 29, 2021. (ECF No. 1). Respondent Ronald S. Weber filed an Answer on December 21, 2021, contending that the Court lacks jurisdiction, and alternatively that Faulkner's claims are procedurally defaulted. (ECF No. 9). The Court ordered Faulkner to respond to Weber's procedural default defense. (ECF No. 10). Instead, Faulkner filed an interlocutory appeal, (ECF No. 12), which was dismissed by the Fourth Circuit Court of Appeals, (ECF No. 17). Faulkner subsequently filed two supplements to his Petition. (ECF Nos. 20, 21).

Faulkner's federal habeas petition challenges his conviction for first degree escape in Queen Anne's County. (Petition Writ Habeas Corpus ["Pet."] at 2, 5–7, ECF No. 1). Faulkner argues: (1) the Circuit Court lacked jurisdiction to accept his guilty plea, and (2) he was denied the right to compulsory process when the Circuit Court denied his subpoenas. (Id. at 5–7).

## II.     DISCUSSION

A.     **Custody Requirement and Subject Matter Jurisdiction**

The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" in connection with the contested state conviction or sentence. Maleng v. Cook, 490 U.S. 488, 490–91 (1989). It is equally clear that § 2254's requirement that a habeas petitioner be "in custody" in connection with the contested state conviction raises a threshold jurisdictional question. Id. at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States'"). It is also well-settled that "[o]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id. at 492 (emphasis added).

Here, Faulkner is only challenging the constitutionality of his conviction for first degree escape in Queen Anne's County. (Pet. at 5–7). The sentence for that charge completely expired on the same day he pled guilty, November 8, 2018, and he was not sentenced to serve probation or parole. (State R. at 5, 28; November 8, 2018 Court Tr. at 18). Therefore, Faulkner was not "in custody" for purposes of § 2254 when he filed his Petition on October 29, 2021.

Because Faulkner is challenging a state conviction with a sentence that had completely expired by the time he filed his federal habeas Petition, the Court lacks subject matter jurisdiction, and the Petition must be dismissed.

B.     **Certificate of Appealability**

Rule 11(a) of the Rules Governing § 2254 cases in the United States District Courts provides that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, a petitioner must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Because Faulkner has not made the requisite showing, the Court declines to issue a certificate of appealability. Faulkner may nevertheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   CONCLUSION

For the foregoing reasons, Faulkner's Petition for Writ of Habeas Corpus will be dismissed and a certificate of appealability will not be issued. A separate Order follows. Entered this 11th day of April, 2024.

/s/
George L. Russell, III
United States District Judge